UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Jose Rivera, individually and on behalf of all persons
similarly situated,

                    Plaintiff,

       -against-

                                    Case No.: 17-cv-05636 (KMK) (LMS)

Hudson Valley Hospitality Group, Inc., Goldfish
Restaurants, Inc., Michael Casarella, Athanasios
Stratigakis,


                    Defendants.

------------------------------------------------------------------X

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 72 OBJECTIONS TO MAGISTRATE'S DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS

REISMAN, RUBEO & ALTMAN, LLP
*Attorneys for Defendants*
151 Broadway
Hawthorne, New York 10532
(914) 495-3050

## TABLE OF CONTENTS

Table of Authorities...........................................................................................ii

Preliminary Statement.......................................................................................1

Background Facts..............................................................................................1

Discussion.......................................................................................................4

Point I - Magistrate Smith's Decision and Order was not Clearly Erroneous and Should not be Reversed.....................................................................................................4

      A.     Plaintiff Failed to Establish that Defendants Violated their Obligation to Preserve Evidence.........................................................................................6

      B.     Plaintiff Failed to Demonstrate that Defendants were Guilty of Culpable Conduct...........................................................................................................9

C.     Plaintiff Failed to Demonstrate Relevance to Plaintiff's Claims...........................11

Point II – This Court Cannot Review Additional Evidence.........................................12

Conclusion.....................................................................................................13

# TABLE OF AUTHORITIES

Statues

New York Labor Law § 195(4)……………………………………………………...……6

Fed. R. Civ. P. 26……………………………………………………………………….9

Fed. R. Civ. P. 72……………………………………………………………………..1, 4

Fed. R. Civ. P. 37……………………………………………………………………..1, 5

Regulations

29 C.F.R. § 516.5………………………………………………………...……………..6

12 N.Y.C.R.R. § 142-2.6(a)…………………………………………………...…..……6

12 N.Y.C.R.R. § 146, et seq………………………………………………...…………..6


Cases

*Creighton v. City of New York*, No. 12 CIV. 7454
2015 WL 8492754 (S.D.N.Y., December 9, 2015)……………………………..……12, 13

*Dilworth v. Goldberg*
3 F.Supp.3d 198 (S.D.N.Y. 2014)………………………………………...……..5, 11, 12

*Hamilton v. Mt. Sinai Hosp.*
528 F.Supp.2d 431 (S.D.N.Y. 2007), aff'd, 331 F.App'x 874 (2d Cir. 2009)…………....10, 11

*In re Barnikow*
211 B.R. 176 (Bkrpty. E.D.Pa. 1997)………………………………………..…………7

*Khatabi v. Bonura*, No. 10 Civ. 1168
2017 WL 10621191 (S.D.N.Y., April 21, 2017)…………………………………………4, 9

*McFarlane v. First Unum Life Ins. Co.*, No. 16-CV-7806
2017 WL 4564928 (S.D.N.Y., October 12, 2017)……………………………………….4, 5

*NIKE, Inc. v. Wu*
349 F.Supp.3d 346 (S.D.N.Y. 2018)……………………………………………5, 6, 12, 13

*North Jersey Media Group Inc. v. Fox News Network LLC*, No. 14 Civ. 7630
2015 WL 7444822 (S.D.N.Y., November 23, 2015)…………………………………….12, 13

*Residential Funding Corp. v. DeGeorge Fin. Corp.*
306 F.3d 99 (2d Cir. 2002)……………………………………………………….5, 11, 12

*Sovulj v. U.S.*, No. 98 CV 5550
2005 WL 2290495 (E.D.N.Y., September 20, 2005)……………………………………………5

*Thai Lau Lignite (Thailand) Co., Ltd. v. Gov't of Lau People's Democratic Republic*
924 F.Supp.2d 508 (S.D.N.Y. 2013)……………………………………………….…..4, 12, 13

*U.S. v. Sancolmar Industries, Inc.*
347 F.Supp. 404 (E.D.N.Y. 1972)………………………………………………………10

*Williams v. Rosenblatt Securities, Inc.*
236 F.Supp.3d 802 (S.D.N.Y. 2017)……………………………………………………..5

*Yu Chen v. LW Rest., Inc.*, No. 10 CV 200
2011 WL 3420433 (E.D.N.Y., August 3, 2011)……………………………………….....5

## PRELIMINARY STATEMENT

Defendants, HUDSON VALLEY HOSPITALITY GROUP, INC. GOLDFISH RESTAURANTS, INC., MICHAEL CASARELLA and ATHANASIOS STRATIGAKIS, submit this Response to the Objections filed by Plaintiff, JOSE RIVERA, "individually and on behalf of all persons similarly situated" (class action not certified), pursuant to Fed. R. Civ. P. 72, to the Decision and Order of Hon. Lisa M. Smith, U.S. Magistrate Judge, filed on March 26, 2019, that denied Plaintiff's motion for spoliation sanctions pursuant to Fed. R. Civ. P. 37. As set forth below, Magistrate Smith's Decision was correct and certainly was not an abuse of discretion and/or clearly erroneous. This Court should not disturb it. Additionally, this Court should reject Plaintiff's effort to have this Court consider evidence not before Magistrate Smith in rendering its decision on Plaintiff's Objections.

## BACKGROUND FACTS

Plaintiff commenced this action on July 25, 2017, alleging state and federal wage and hour violations against the corporate entities he alleges employed him, and also against the individual shareholders of these corporations. Plaintiff filed an Amended Complaint on March 12, 2018, which Defendants answered on June 12, 2018. The action, though captioned as a class action, has not been certified as such. The individual defendants are the officers of the two corporate defendants.

In his deposition testimony, Defendant MICHAEL CASARELLA ("Mr. Casarella") testified about the ordinary business practices of Hudson Valley Hospitality Group, Inc. ("HVHG" or, as its business is known, "Stone Manor") with respect to payroll. Mr. Casarella testified as follows:

> Q:    How were the hours kept at Stone Manor, back of the house, nonexecutive employee hours kept?

1

Mr. Rubeo:      I object to form and relevance.  You can answer.
A.      By putting it in a computer system and by having a pay log that would mark that they were paid.

(See excerpts of deposition testimony of Michael Casarella, annexed to Affirmation of Sharman

T. Propp, Esq. submitted in opposition to Plaintiff's spoliation motion as *Exhibit A*, p. 56 [also

Ex. 21 to Plaintiff's Objections]).  In other words, the computer entries themselves were the pay

records.  The data entered on the computer came from temporary paper slips, which Mr. Casarella

would discard once the information had been entered on the computer. (*Id.*, p.78).  Mr. Casarella's

custom and practice was to keep the paper records approximately one year. (*Id.*, p. 83).

Mr. Casarella testified that he did not know whether or not the records specific to the

Plaintiff had been discarded before or after this lawsuit was initiated:

Q.      … And is it your testimony that you did not enter the information, from those handwritten sheets, into Excel prior to the lawsuit?
Mr. Rubeo:      I object to the form of the question.  You can answer.
A.      I get[] confused on exact dates.  I don't know the exact date these were created.  I don't know the exact date the lawsuit started.  It's very hard for me to answer something.  I don't know.

(*Id.*, pp. 91-92).

Additionally, Mr. Casarella testified about how the computerized records accurately

reflected the information from the temporary paper records:

Q.      At this point, other than Plaintiff's Exhibit 1 through 4, do you have any way of verifying whether the information in these documents is accurate?  For example, on Plaintiff's Exhibit 1, it says July 23, 2013, he worked from 2 p.m. to 11 p.m., right?
A.      Right.  That's correct.
Q.      Now, those underlying records are gone.  Is there any other way to verify that?
A.      On Exhibit 5, it is marked that he was paid $90, so –
Q.      I'm not talking about the pay.  I'm talking about the hours he worked and the days he worked.
A.      I believe if it is entered in, it is the right information.  I'm human.  Maybe I would have made some sort of entering error.  But, for the most part, the information that's on here is going to be correct.
Q.      I'm talking about verifying it.

2

Mr. Rubeo:    I object to the form of the question. You can answer.

A.    I can verify it by looking at Exhibit 1 through 4, seeing that he worked that particular day, 2 p.m. to 11 p.m., it was nine hours, and he was paid $90 by looking at Exhibit 5.

Q.    Let me clarify. Let's say I want to say "I don't believe you that he worked this day and these hours," all I have to is to go off of your word. Is that what you're telling me?

Mr. Rubeo:    I object to the form of the question. You can answer.

A.    I'm sure you can ask any other employee. I'm not sure that they would remember, on July 27th of 2013, how many hours he worked and what day he worked. I'm sure he wouldn't even remember that information. It's over five years ago.

Q.    Yes.

A.    For the most part, if it says that, that information is going to be correct.

Q.    So Plaintiff's 1 through 4 is your representation of my client's hours worked for you, and there is no other way to verify it, other than these records; that's right?

Mr. Rubeo:    I object to the form of the question. You can answer.

A.    The information that is entered here is information that I believe to be a hundred percent true, on the hours and days he worked and the amount of money he was paid.

(*Id.*, pp. 87 – 90).

In sum, Mr. Casarella testified that it was his custom and practice to enter the information from paper documents accurately onto an Excel spreadsheet, or to have an employee do so (*id.*, pp. 96 – 97) and then to maintain only the computerized time records. "Once I computerized everything or once I have information logged in, I wouldn't keep a handwritten something." (*Id.*, p. 85).

Printouts of the computerized Excel payroll records were turned over to the Plaintiff in discovery, and are Exhibits 1 through 4 referenced at Mr. Casarella's deposition. Moreover, Defendants produced to Plaintiff the ledger book in which Mr. Casarella noted payments made to employees.

While at one point in his deposition, Mr. Casarella responded in the affirmative to a question about whether he had created the spreadsheets "after the lawsuit started," (*Id.*, p. 78), *he later clarified that he did not know if this was the case.* (*Id.*, p. 92).

3

In February 2018, seven months after commencing the action, Plaintiff served the discovery demand upon which he bases the present motion for spoliation. Mr. Casarella was not questioned at his deposition about whether he discarded the paper records before or after this date.

Mr. Casarella's testimony demonstrates that his intention was to completely and accurately transfer the information on paper records to computerized records on an Excel spreadsheet. All of this information was handed over to the Plaintiffs.

Plaintiff's position to the Court was, in a nutshell, that the payroll information on the spreadsheets produced was accurate, and, ergo, it must be false. This argument was, however, not supported by the evidence.

In a Decision and Order filed March 26, 2019, Magistrate Judge Lisa M. Smith denied Plaintiff's motion for spoliation sanctions and attorneys' fees, finding, inter alia, that Plaintiff had failed to meet his burden. Plaintiff filed Objections pursuant to Fed. R. Civ. P. 72.

### DISCUSSION

### POINT I
### MAGISTRATE SMITH'S DECISION AND ORDER WAS NOT CLEARLY ERRONEOUS AND SHOULD NOT BE REVERSED

The party seeking to overturn a Magistrate Judge's ruling bears a "heavy burden." *McFarlane v. First Unum Life Ins. Co.*, No. 16-CV-7806, 2017 WL 4564928 *2 (S.D.N.Y., October 12, 2017), citing *Thai Lau Lignite (Thailand) Co., Ltd. v. Gov't of Lau People's Democratic Republic*, 924 F.Supp.2d 508, 512 (S.D.N.Y. 2013). Review of a Magistrate's denial of spoliation sanctions is a nondispositive matter and is governed by the "clearly erroneous or contrary to law" standard. *Khatabi v. Bonura*, No. 10 Civ. 1168, 2017 WL 10621191 *2-3 (S.D.N.Y., April 21, 2017). "With respect to nondispositive matters, such as discovery disputes, a district judge shall 'modify or set aside any part of the magistrate's order that is clearly erroneous

4

or is contrary to law...." "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and *reversal is appropriate only if their discretion is abused.*" *McFarlane*, *supra*, at *2 (citations omitted, emphasis added); see also, *Williams v. Rosenblatt Securities, Inc.*, 236 F.Supp.3d 802, 803 (S.D.N.Y. 2017). "Courts in this circuit 'generally do not entertain new legal arguments not presented to the magistrate judge.'" *NIKE, Inc. v. Wu*, 349 F.Supp.3d 346, 353 (S.D.N.Y. 2018) (citation omitted).

Plaintiff, on his motion for spoliation sanctions pursuant to Fed. R. Civ. P. 37, "has the burden of establishing the elements of a spoliation claim by a preponderance of the evidence." Magistrate Smith's Decision and Order ("Decision"), p. 5, quoting *Dilworth v. Goldberg*, 3 F.Supp.3d 198, 200 (S.D.N.Y. 2014). Magistrate Smith correctly set forth the elements that Plaintiff needed to establish by a preponderance of the evidence, namely "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." (Decision at pp. 5-6, quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). In addition to showing relevance, "plaintiffs must show that they have been prejudiced by the loss of the evidence." (Decision at 7, quoting *Yu Chen v. LW Rest., Inc.*, No. 10 CV 200 (ARR), 2011 WL 3420433 at *14 (E.D.N.Y., August 3, 2011)); and, further, that "[t]he burden falls on the 'prejudiced party' to produce 'some evidence suggesting that a document or documents relevant to substantiating [his or her] claim would have been included among the destroyed files.'" (Decision, p. 7, quoting *Sovulj v. U.S.*, No. 98 CV 5550 (FBR)(ML), 2005 WL 2290495, at *5 (E.D.N.Y., September 20, 2005)).

5

As set forth below, Magistrate Smith correctly applied the 3-part test of *Residential Funding*, *supra*.

## A.     Plaintiff Failed to Establish that Defendants Violated their Obligation to Preserve Evidence

First, Magistrate Smith analyzed whether Defendants had an obligation to preserve the handwritten notations of Plaintiff's work hours.  The Court focused on whether Defendants had an obligation, independent of this lawsuit, to preserve the handwritten time records pursuant to State and Federal regulations, and found that neither 29 C.F.R. § 516.5 and 12 N.Y.C.R.R. § 142-2.6(a) expressly prohibited using computerized entries recording handwritten records as the permanent records to be maintained by an employer. [1]  Magistrate Smith, applying the regulatory framework, held that "so long as employee work records are (a) accurate, (b) are prepared at or near the time of the work performed, and (c) are maintained, an employer has satisfied its recordkeeping duties under 29 C.F.R. § 516.5 and 12 N.Y.C.R.R. § 142-2.6(a)." (Magistrate Smith's Opinion, p. 10).

Plaintiff bases his objection on New York Labor Law § 195(4), which states that "An Employer" must establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked."[2]  This objection, however, overlooks how the requirements of Magistrate Smith's test fully comply with the statute.

First, as Magistrate Smith held, the records must be "accurate." Plaintiff made no showing that the records produced by the Defendant were inaccurate – in fact, his claim is that the records

---

[1] To the extent that Plaintiff argues that the Court should have interpreted 12 N.Y.C.R.R. § 146, et seq., which applies specifically to the hospitality industry, any error is harmless, as 12 N.Y.C.R.R. § 142 et seq. and 12 N.Y.C.R.R. § 146 et seq., in relevant part, mandate the same recordkeeping requirements at issue herein.

[2] To the extent that Plaintiff seeks to assert new legal arguments about record retention not raised before Magistrate Smith, this Court should not consider these arguments. *NIKE*, *supra*, 349 F.Supp.3d at 353.

are too accurate. Additionally, Mr. Casarella testified that he believed the payroll records produced were "a hundred percent true, on the hours and days he worked and the amount of money he was paid", and further testified about how the payroll records were supported by the ledger produced reflecting the amounts paid to the Plaintiff. (Pl. Ex. 21, pp. 90, 96-97). The record before Judge Smith did not support any finding that the Defendants failed to maintain accurate payroll records.

With respect to Magistrate Smith's requirement that records be "prepared at or near the time of the work performed," Plaintiff has provided no authority contradicting the Court's conclusion that neither Federal nor State regulation mandates that records be "*absolutely* contemporaneous with the work so recorded,"(emphasis added) and that "[i]n this day and age where electronically stored information has become the norm for record keeping in many areas, it would not be unreasonable, in a small business, for hours worked to be noted informally and then reduced to an electronic format for accounting and other purposes." (*Id.*, p. 9).

In other words, the Court acknowledged that in the modern workplace, the computerized records, assuming they are created and maintained in accordance with Magistrate Smith's three-part test, *are themselves* the payroll records that must be maintained under relevant regulations. The Court noted that Plaintiff only "states, without citation, that 'Defendants admit the[y] violated both the FLSA and New York Labor Law by destroying the records,'" and held that "[t]here is nothing in this record that leads to the conclusion that these records do not comport with this requirement." (Decision, p. 10).

Plaintiff has failed to show that Magistrate Smith abused her discretion or that her Decision on any prongs of her analysis was clearly erroneous. He fails to cite case law interpreting the relevant statutes and regulations to support his theory that, in the 21st century, a business transferring records to the more permanent medium of computer files constitutes "destruction" of

"original, contemporaneous time records." Instead, Plaintiff argues unsupported policy arguments. (See Plaintiff's Objections, p. 10). Policy arguments do not support an argument that a decision is "clearly erroneous." See, e.g., *In re Barnikow*, 211 B.R. 176, 178 (Bkrpty. E.D.Pa. 1997) ("Finally, the Trustee makes policy arguments …in support of the Motion for Reconsideration. While the Court understands and can appreciate the Trustee's position, it nonetheless rejects them. Based upon the foregoing, the Court finds no reason why it should reconsider its prior ruling in the instant case because it has not made errors in findings of fact or misinterpreted the law as applied to those facts."). Plaintiff further speculated, improperly, that Magistrate Smith's ruling "opens the floodgates to fraud." (Plaintiff's Objections, p. 11). Again, such speculation does not amount to a legal showing that Magistrate Smith incorrectly applied existing law or misconstrued the facts of this case.

Plaintiff has utterly failed to demonstrate that Magistrate Smith abused her discretion and/or committed clear error in concluding that Defendants fulfilled their obligation to preserve payroll records.

Additionally, Plaintiff now argues that Magistrate Smith incorrectly "elected not to address the common-law duty to preserve the original time records by incorrectly holding that Plaintiff did not argue that the Defendants had a common law duty to preserve the original time records." (Pl. Objections, p. 15). However, Magistrate Smith correctly noted Plaintiff's failure to cite any authority whatsoever for its supposed common-law argument. A review of Plaintiff's original Memorandum of Law (Ex. 22 to Plaintiff's Objections – p. 5) demonstrates that Magistrate Smith was correct. The only basis Plaintiff cited for its argument was statutory. Furthermore, as Magistrate Smith correctly found, citing Mr. Casarella's testimony, "It is not clear from the record, however, whether any of the handwritten time records were destroyed after the lawsuit started."

Thus, even if Magistrate Smith erred in failing to consider common law precedent (though none was advanced by Plaintiff), her factual finding, that Plaintiff failed to establish destruction of records after the lawsuit started, defeats any common-law argument Plaintiff might have had.  See, *Khatabi v. Bonura*, *supra.*, in which the Court overruled an objection to Magistrate Judge Davidson's denial of a spoliation motion: "The statements in the record before Magistrate Judge Davison were speculative and uncertain—Mazzei acknowledged that he 'maybe' made additional handwritten notes and that it was his normal practice to throw away handwritten notes after he typed them into the computer…. Accordingly, Plaintiff's objection with regard to the existence of the handwritten notes is OVERRULED."  2017 WL 10621191 *5.

Plaintiff has failed to meet his "heavy burden" of demonstrating that Magistrate Smith abused her discretion and/or committed clear error in concluding that Defendants fulfilled their obligation to preserve payroll records.  Plaintiff's Objections should be overruled.

**B.      Plaintiff Failed to Demonstrate that Defendants were Guilty of Culpable Conduct**

Magistrate Smith correctly found that Plaintiff's claim of Defendants' culpable state of mind was "equivocal at best." (Decision, p. 12).

The Court properly dismissed Plaintiff's unsupported accusation that "Defendants acted intentionally by creating fake time records" and saw through Plaintiff's assertion, with no evidentiary citation, that "Defendants admit the[y] violated both the FLSA and New York Labor Law by destroying the records" (Decision, p. 10). Further, the Court correctly noted that Defendants' Rule 26 Disclosure was a "general statement that [did] not claim the existence of handwritten time records which were subsequently destroyed." (*Id.*, p. 11).

Magistrate Smith's Decision was based upon her thorough analysis of Mr. Casarella's deposition testimony, in which he testified as to his recordkeeping and retention policies (*id.*, p.

11), and to his inability to pinpoint when he discarded the paper records (*id.*, p. 11-12).[3]   She

quoted Mr. Casarella's deposition testimony, in which he testified, with respect to the Excel

spreadsheet, "I believe if it is entered in [sic], it is the right information. I'm human. Maybe I

would have made some sort of entering error.  But, for the most part, the information that's on

here is going to be correct." (Decision at 12, quoting Casarella Transcript at 88:9-14); and "The

information that is entered here is information that I believe to be a hundred percent true, on the

hours and days he worked and the amount of money he was paid." (*Id.*, quoting Casarella

Transcript, at 90:2-6).

In his Objections, Plaintiff asserts, without any basis whatsoever, that "Casarella is lying."

(Plaintiff's Objections, p. 12).   Plaintiff ignores Magistrate Smith's correct finding that Mr.

Casarella did *not* testify conclusively that he discarded evidence subsequent to Plaintiff

commencing this action. Rather, as the Court correctly noted, Mr. Casarella seemed confused *but*

*ultimately testified that he did not know when he had discarded the documents* – see Decision, p.

11, n.4.  The Court cited relevant case law (*Hamilton v. Mt. Sinai Hosp.*, 528 F.Supp.2d 431, 444

(S.D.N.Y. 2007), aff'd, 331 F.App'x 874 (2d Cir. 2009), in support of the conclusion that where

handwritten notes were transcribed to type and then destroyed, "the party destroying the notes

would have no reason to think that he or she was destroying notes that would ultimately be useful

to any party in the future." (*Id.* at 444).  The only case cited by Plaintiff in response, *U.S. v.*

*Sancolmar Industries, Inc.*, 347 F.Supp. 404 (E.D.N.Y. 1972), is easily distinguished, as in that

case, defendants had previously shown an inspector its payroll records but then, at trial, sought to

rely on *revised* payroll records for the same period, claiming it had since destroyed the records

---

[3] See Point II, *infra*, for a discussion of the metadata for one week of Plaintiff's employment,
which Plaintiff now seeks to have the Court assess for the first time upon these Objections to the
magistrate's Decision and Order.

reviewed by the inspector. Thus, in that case, there was evidence that the defendant had destroyed records *directly contradicting* those which the defendants sought to introduce at trial. That is not the case in the present matter, where the only evidence is that the Excel spreadsheets were accurate ("The information that is entered here is information that I believe to be a hundred percent true, on the hours and days he worked and the amount of money he was paid." – Decision at 12, citing Casarella Tr. at 90:2-6).

In the present case, Magistrate Smith's conclusion that evidence of Defendants' "culpable conduct" was "equivocal at best" is not clearly erroneous. Plaintiff now seeks to cherry-pick the witness's testimony to find only the items favorable to his argument, but the Magistrate assessed the testimony as a whole to reach her conclusion. (Decision, pp. 11 – 12). This Court should not disturb Magistrate Smith's finding that Plaintiff failed in his burden to show Defendants' "culpable conduct."

**C.      Plaintiff Failed to Demonstrate Relevance to Plaintiff's Claims**

In the context of a spoliation motion, "relevance" requires the movant to show, by a preponderance of the evidence, "that the destroyed evidence was 'relevant' to the party's claim such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding*, *supra*, at 107. See Decision, pp. 5-6; see also, *Dilworth*, *supra*, at 200.

As Magistrate Smith noted in her Decision, "Here, there is no evidence in the record that the contents of the handwritten time records differ in any way from the typewritten time records contained in the Excel spreadsheets." (Decision, p. 14). Citing *Hamilton*, *supra*, 528 F.Supp.2d at 444-45, she held that Plaintiff had not met his burden of demonstrating relevance, and held further that Plaintiff's argument of prejudice was based on conjecture. (Decision, p. 14).

In his Objections, Plaintiff has failed to present a shred of evidence to disturb Magistrate Smith's finding as being clearly erroneous. His argument is purely speculative, with no evidentiary basis whatsoever. He merely claims, once again, that the handwritten records must have been different or else they would not have been destroyed, and that records maintained by the Defendants must be inaccurate solely because of their very accuracy (Def. Objections, pp. 21 – 22). Magistrate Smith rejected these conclusory, speculative arguments, and this Court should do the same. Plaintiff failed to demonstrate the third prong of the test for spoliation, that the destroyed evidence be relevant. *Residential Funding*, 306 F.2d 107. For this additional reason, the Court should overrule his Objections to Magistrate Smith's Decision and Order.

In sum, Plaintiff has failed to meet his "heavy burden of establishing the elements of a spoliation claim by a preponderance of the evidence." *Dilworth*, 3 F.Supp.3d at 200, and he has failed to meet his burden of proving that Magistrate Judge Smith's Decision and Order was clearly erroneous and/or an abuse of discretion. Additionally, he has failed to demonstrate that Magistrate Smith's denial of an award of attorneys' fees was clearly erroneous and/or an abuse of discretion. The Court should overrule Plaintiff's Objections and confirm the Magistrate's denial of his motion.

## POINT II
## THIS COURT CANNOT REVIEW ADDITIONAL EVIDENCE

On non-dispositive motion pursuant to Fed. R. Civ. P. 72(a), a District Court Judge may not review evidence that was not part of the record on which the Magistrate Judge based his or her decision. *Creighton v. City of New York*, No. 12 CIV. 7454, 2015 WL 8492754 at *5 (S.D.N.Y., December 9, 2015). See also, *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d at 508; *NIKE, Inc. v. Wu*, 349 F.Supp.3d 346, 353 (S.D.N.Y. 2018); *North Jersey Media Group Inc. v. Fox News Network LLC*, No. 14 Civ. 7630, 2015 WL 7444822 *2 (S.D.N.Y., November 23, 2015).

Furthermore, Plaintiff bases his request that the Court entertain additional evidence on the misleading claim that Defendants' meta-data demonstrates their culpable conduct in some way. (Plaintiff's Exhibit 17 – wage and hour record for Plaintiff for September 5, 2016 to September 11, 2016). The only meta-data that could be recovered from the Defendants' computer pertained to one spreadsheet which documents *one week* of Plaintiff's employment with Defendants, at the end of his three-plus years that Mr. Rivera worked for Defendants. The Defendants produced this to Plaintiff on March 26, 2019, reasonably promptly after it was retrieved, and only underscores that Defendants have, in good faith, fulfilled their obligation to turn over all discoverable material, including that which is potentially harmful to their defense.

Moreover, this meta-data is not applicable to any of the other hundreds of pages of payroll records produced by the Defendants in or about November 2018. Therefore, Plaintiff has offered nothing but mere speculation and conjecture in claiming that any of the other hundreds of pages of payroll records produced by the Defendants were created during the pendency of this litigation.

Notwithstanding the foregoing, clear precedent from this Circuit establishes that on a motion pursuant to Fed. R. Civ. P. 72(a), the Court may not look beyond the record before the Magistrate in assessing whether she committed clear error and/or abused her discretion in deciding a non-dispositive motion. *Creighton, supra; Thai Lao Lignite, supra; NIKE, supra; North Jersey Media Group, supra.* Therefore, the meta-data is not properly before the Court upon Plaintiff's Objections to Magistrate Smith's Decision and Order.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants HUDSON VALLEY HOSPITALITY GROUP, INC., GOLDFISH RESTAURANTS, INC., MICHAEL CASARELLA and ATHANASIOS STRATIGAKIS respectfully request that the Court issue an Order overruling

Plaintiff's Objections to the Decision and Order of Hon. Lisa M. Smith, United States Magistrate Judge, filed on March 26, 2019, that it confirm said March 26, 2019 Decision and Order, and that it grant Defendants such further relief as the Court deems just and proper.

Dated:  Hawthorne, New York
        April 30, 2019

                                REISMAN, RUBEO & ALTMAN, LLP

                        By:     _____
                                SHARMAN T. PROPP, ESQ. (SP 7539)
                                *Attorneys for Defendants*
                                151 Broadway
                                Hawthorne, New York 10532
                                (914) 495-3050