UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RIVERA,

                      Plaintiff,

          v.

STONE MANOR 101, *et al.*,

                      Defendants.

No. 17-CV-5636 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    On September 4, 2019, Jordan El-Hag, Esq. ("Mr. El-Hag"), counsel for Plaintiff Jose Rivera ("Plaintiff"), filed a Motion to Withdraw as Counsel (the "Motion") due to his inability to contact Plaintiff since December 19, 2018. (Mot. to Withdraw as Counsel ("Mot.") (Dkt. No. 67).) According to an Affirmation submitted with the Motion, Mr. El-Hag and one of his former employees visited Plaintiff's two last known addresses, at which Plaintiff was no longer living, and were unable to contact Plaintiff by phone, as his phone number was no longer working. (Aff'n of Jordan El-Hag, Esq. in Supp. of Mot. ("El-Hag Aff'n") ¶ 4 (Dkt. No. 67-1).) Mr. El-Hag represented that he made approximately ten attempts via phone, in-person house visits, and communications with "Hispanic worker organizations" to contact Plaintiff. (*Id.* ¶ 5.) On September 4, 2019, the Court granted Mr. El-Hag's Motion via Memo Endorsement, and directed Mr. El-Hag to "send th[e] [M]emo [E]ndorsement to Plaintiff at his last known address and inform him that he must advise the Court by [October 15, 2019] if he intends to retain new counsel, or represent himself." (Dkt. No. 68.) The Court noted that "[f]ailure to do so could result in dismissal." (*Id.*)

    On April 1, 2020, the Court issued an Order directing Plaintiff to show cause, by no later than May 1, 2020, as to why his case should not be dismissed for failure to prosecute. (Order to

Show Cause (Dkt. No. 69).) The Court contacted Mr. El-Hag to coordinate mailing of the Order to Plaintiff. (*Id.* at 2.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a

2

> party's right to due process and a fair chance to be heard . . . and [5] whether the
> judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was first advised of his obligation to inform the Court whether he intended to retain new counsel on September 5, 2019, which the Court reiterated several months later in an Order To Show Cause. (*See* Dkt. No. 68 ("Counsel is to send this memo endorsement to Plaintiff at his last known address and inform him that he must advise the Court by 10/15/19 if he intends to retain new counsel, or represent himself. Failure to do so could result in dismissal."); Order To Show Cause ("Plaintiff has not advise the Court of whether he intends to retain new counsel and has not otherwise communicated with the Court. . . . The Court may dismiss this case without further notice in the event that good cause is not shown.").) Nonetheless, Plaintiff did not respond to the Court's Orders, and has otherwise not communicated with the Court regarding this Action since before September 4, 2019, when Mr. El-Hag filed his Motion. The Court's Order to Show Cause indicated that Plaintiff's failure to show cause within 30 days would result in the Court dismissing the case without further notice, and Mr. El-Hag assisted in mailing this Order to Plaintiff's last known address. (Order to Show Cause.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to

3

contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months).

The Court has contacted Mr. El-Hag to coordinate the mailing of this Order to Plaintiff's last-known address. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: June 25, 2020
       White Plains, New York

                                          KENNETH M. KARAS
                                          United States District Judge